UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**JOHN MICHELE FANUZZI** and **NORAH BAWN FANUZZI**,

Debtors.

Case No. **11-61848-11**

# MEMORANDUM of DECISION

At Butte in said District this 7th day of December, 2011.

In this Chapter 11 bankruptcy, after due notice, a hearing was held December 6, 2011, in Butte on the Motion to Dismiss filed October 24, 2011, by the Office of the United States Trustee. Daniel P. McKay of Great Falls, Montana appeared at the hearing on behalf of the United States Trustee. Debtor John Fanuzzi appeared pro se.

The United States Trustee ("UST") seeks dismissal of this case arguing Debtors "are not eligible to be debtors under chapter 11 of the Bankruptcy Code because the Debtors did not, during the 180 day period ending on the date of the filing of the petition commencing this case, receive from an approved nonprofit budget and credit counseling agency a briefing that outlined the opportunities for available credit counseling and assisted the Debtors in performing a related budget analysis." The UST argues that such a briefing is a condition for an individual to be a debtor under any chapter of the Bankruptcy Code. 11 U.S.C. § 109(h)(1).

## FACTS

Debtors filed a voluntary Chapter 11 bankruptcy petition, Official Form 1, on September 22, 2011. Official Form 1 includes several exhibits, and a debtor must acknowledge attachment of

those exhibits within the petition.  Among the petition's exhibits is Exhibit D, which documents an individual debtor's compliance with § 109(h) of the Bankruptcy Code.  Section 109(h) of the Bankruptcy Code reads in part:

> Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

The Exhibit D attached to Debtors' petition is signed by Debtor John Fanuzzi.  Exhibit D warns debtors of the consequences of not complying with § 109(h), stating, in bold font:

> **Warning:  You must be able to check truthfully one of the five statements regarding credit counseling listed below.  If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file.  If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you.  If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

Dkt. No. 1 at 4.

Debtors checked the statement in Exhibit D that they received the required briefing from a credit counseling agency within 180 days before the filing of their bankruptcy petition.  Debtors, however, did not file a copy of the certificate verifying completion of the credit counseling requirement.  Thus, on September 23, 2011, the bankruptcy clerk's staff sent Debtors a deficiency notice advising Debtors that among other things, Debtors were required to file their credit counseling certification within 14 days of their petition date.  In lieu of filing the Certificate of Credit Counseling required by § 521(b)(1), § 109(h)(1), and Rule F.R.B.P. 1007(b)(3), debtors may file a Certification of Exigent Circumstances under § 109(h)(3), or a request for determination

by the court under § 109(h)(4).

On October 24, 2011, Debtors filed the Certificate of Credit Counseling, issued by Rural Dynamics, Inc. The certificate indicates that Debtor John Fanuzzi completed credit counseling on October 20, 2011, which date is after Debtors' September 22, 2011, petition date. The UST's motion to dismiss followed.

## APPLICABLE LAW

Section 109 of the Bankruptcy Code identifies who may be a debtor. To qualify as a bankruptcy debtor, an individual must first participate in a credit counseling session within 180-days before filing a petition. § 109(h)(1). Completion of that counseling is properly documented by filing a certificate with the bankruptcy court from the counseling provider. § 521(b)(1); Rule 1007(b)(3).

The exceptions to the pre-petition credit counseling requirement, which are identified in § 109(h), are few and narrow. *In re Crawford*, 420 B.R. 833, 839 (Bankr. D.N.M. 2009). First, debtors are excused from compliance if they reside in a district where the U.S. trustee or bankruptcy administrator has determined credit counseling agencies would be overburdened if the requirement were enforced. § 109(h)(2)(A). The first exception is not applicable here.

Second, an individual may receive a temporary deferral of the counseling requirement due to exigent circumstances. § 109(h)(3)(A). To qualify for a deferral, an individual must submit a certification to the bankruptcy court that: (1) describes the exigent circumstances; (2) states that credit counseling was requested from an approved provider, but that he or she was unable to obtain those services within seven days of making that request; and (3) is satisfactory to the court. *Id*. Debtors made no attempt to comply with the above.

Finally, an individual can receive a permanent exemption from the counseling requirement

if, after notice and a hearing, the bankruptcy court determines the individual cannot complete the requirement due to incapacity, disability, or active military duty in a combat zone. § 109(h)(4). Debtor John Fanuzzi conceded at the hearing that none of the exigent circumstances applied to Debtors. In particular, neither of the Debtors are in active military service, neither of the Debtors suffers from a mental illness or deficiency and neither of the Debtors suffers from a physical impairment.

The majority of courts to address § 109(h) have strictly applied the credit counseling requirement, and have dismissed cases where debtors have not complied. *See, e.g., Duncan v. LaBarge (In re Duncan)*, 418 B.R. 278, 280–81 (8th Cir. BAP 2009); *Hedquist v. Fokkena (In re Hedquist)*, 342 B.R. 295, 298 (8th Cir. BAP 2006); *In re Borges*, 440 B.R. 551, 556 (Bankr. D.N.M. 2010); *In re Ruckdaschel*, 364 B.R. 724, 734 (Bankr. D. Idaho 2007); *In re Dyer*, 381 B.R. 200, 206 (Bankr. W.D.N.C. 2007); *In re Williams*, 359 B.R. 590, 590–91 (Bankr. E.D.N.C. 2007); *In re Mingueta*, 338 B.R. 833, 838–39 (Bankr. C.D. Cal. 2006); *In re Carey*, 341 B.R. 798, 803–04 (Bankr. M.D. Fla. 2006). Most often, these courts relied on the plain language of § 109(h), which includes that "an individual may not be a debtor under this title unless such individual has" complied with the credit counseling requirement. *See, e.g., In re Ruckdaschel*, 364 B.R. at 733.

On the other hand, a small number of courts have purported to exercise judicial discretion to alter the strict requirements of § 109(h) in those cases where debtors have complied with the "spirit" of § 109(h), or where dismissal would, in the courts' view, result in manifest injustice. *See, e.g., In re Nichols*, 362 B.R. 88, 93 (Bankr. S.D.N.Y. 2007); *In re Bricksin*, 346 B.R. 497, 501–03 (Bankr. N.D. Cal. 2006); *In re Hess*, 347 B.R. 489, 495–96 (Bankr. D. Vt. 2006). The undersigned agreed in the recent unpublished opinion in *Gibson v. Dockery (In re Gibson)*, Bap

4

No. CC-10-1399-PaHKi (9th Cir. BAP Nov. 17, 2011), that no basis exists for such an interpretation of § 109(h).

As noted in *Gibson*, "the command of § 109(h) is clear, and, unless one of the stated exceptions applies, an individual 'may not be a debtor' unless she has received credit counseling prior to filing her bankruptcy petition. § 109(h)(1)."

The Debtors in this case did not obtain credit counseling during the 180 days prior to filing their petition and in fact, Debtor John Fanuzzi did not complete counseling until four weeks after Debtors' petition date. In addition, Debtors did not request nor secure Court approval to do so post-petition due to any exigent circumstances, nor did they seek an exemption from the counseling requirement under one of the other § 109(h) exceptions. Because Debtors did not comply with the § 109(h) pre-bankruptcy credit counseling requirement, Congress has decreed that they were not eligible to be chapter 11 debtors. Accordingly, the Court will enter a separate order providing as follows.

IT IS ORDERED that the United States Trustee's Motion to Dismiss filed October 24, 2011, is GRANTED; and this case is DISMISSED.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana